UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STUBBEMAN AND BRAIN INNOVATIONS TMS CENTERS, INC.. : | |
| Plaintiff : | Civil Action |
| vs : | |
| BRAIN STIMULATION CENTER LLC A/K/A WESTSIDE TMS CENTER, LLC, PETER LINNETT, AND KW MANAGEMENT ENTERPRISES, LLC : | No. 12-05343 |
| : | |
| Defendants : | |

## APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

To: Clerk of the United States District Court for the Eastern District of Pennsylvania:

Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, please enter a judgment by default in favor of Plaintiffs William Stubbeman and Brain Innovations TMS Centers, Inc. and against Defendant, Westside TMS Center, LLC, in the amount of Seventy Six Thousand Five Hundred Fifteen and 10/100ths Dollars ($76,515.10), calculated as follows:

(a) $98,060.34, being the balance of outstanding lease payments after discounted to present value as of judgment date in accordance with Paragraph 13 of the Lease of as of November 6, 2012 (Consistent with the Affidavit of William Stubbeman, attached to the Declaration for Entry of Default Judgment), plus
(b) $1,970.88, being the accrued late charges, plus
(c) $41,107.75, being the reasonable attorney's fees incurred by plaintiff in enforcing now plaintiff's rights in this matter in accordance with Paragraph 13 of the Lease of as of November 6, 2012 (Consistent with the Declaration of attorneys, attached to the Declaration for Entry of Default Judgment) less
(d) ($63,807.50), being the fair market value of the equipment recovered by plaintiffs.

**$77,331.47 Amount Due**

plus interest from the date of judgment, plus costs of suit.

The facts in support of this request appear in the accompanying Declaration of Barbara L Farley, Esquire.

Respectfully submitted,

Dated: 12/23/2012

By: //s// Barbara Lanza Farley
Barbara Lanza Farley,
A PROFESSIONAL CORPORATION
PO Box 53659
Philadelphia, PA  19105
Phone: 215-923-9696
Fax: 856-428-3995
PA Atty. ID # 18845
blfpc1@comcast.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STUBBEMAN AND BRAIN INNOVATIONS TMS CENTERS, INC.. <br> Plaintiff <br> vs <br> BRAIN STIMULATION CENTER LLC A/K/A WESTSIDE TMS CENTER, LLC, PETER LINNETT, AND KW MANAGEMENT ENTERPRISES, LLC <br><br> Defendants | Civil Action <br><br><br> No. 12-05343 |

## DECLARATION OF BARBARA L FARLEY, ESQ. FOR ENTRY OF DEFAULT JUDGMENT

Barbara L Farley, Esquire, being duly sworn according to law, deposes and says that the following is true to the best of my knowledge, information and belief:

1. I am an attorney admitted to practice in this Court, counsel for the Plaintiff William Stubbeman and Brain Innovations TMS Centers, Inc. in this matter, and am authorized to make this Declaration on behalf of Plaintiffs.

2. This Declaration is submitted pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure in support of plaintiff's application for the entry of default judgment against Defendants, , LLC and.

3. The Complaint in this action was filed and docketed with the Court on September 18, 2012.

4. The Complaints and Summons in this action were served on Defendant Westside TMS Center, LLC, by R. Lustig, Registered California process server, 16938 Ventura Blvd, Encino, CA 91316, on September 28, 2012, as appears from the Return of Service of Summons and Complaint which has been duly docketed with the Court.

The time in which the Defendants may answer or otherwise move as to the Complaint has expired.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of the Commonwealth of Pennsylvania and a citizen of a foreign state.

6. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party served with a complaint must answer or otherwise respond within twenty (20) days of service.

7. As of this date, Defendants have not answered, filed a responsive pleading, or otherwise responded to SCF's Complaint.

8. The time with which Defendants could plead has not been extended.

9. Defendant Westside TMS Center, LLC is a business entity, not an infant or incompetent person, and is not subject to the Soldiers and Sailors Civil Relief Act of 1940 or its amendments and Defendant is not in the Military Service of the United States.

10. Default was entered by the Clerk against each Defendant on November 15, 2012 after the filing of a Request to Clerk to Enter Default by SCF.

11. The plaintiff parties were amended in the caption on December 3, 2012.

Accordingly, the Clerk should enter judgment by default in favor of SCF and against the Defendant, Westside TMS Center, LLC, pursuant to Rule 55(b)(1) as follows:

Judgment is awarded against Defendants, Westside TMS Center, LLC and, in the amount of Seventy Seven Thousand Three Hundred Thirty One Dollars and 47/100ths Dollars ($77,331.47), plus interest from the date of judgment, plus costs of suit.

I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 12/23/2012

By: /s// Barbara Lanza Farley
Barbara Lanza Farley,
A PROFESSIONAL CORPORATION
PO Box 53659
Philadelphia, PA 19105
Phone: 215-923-9696
Fax: 856-428-3995
PA Atty. ID # 18845
blfpc1@comcast.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STUBBEMAN AND BRAIN INNOVATIONS TMS CENTERS, INC.. | : |
|         Plaintiff | : Civil Action |
|   vs | : |
| BRAIN STIMULATION CENTER LLC A/K/A WESTSIDE TMS CENTER, LLC, PETER LINNETT, AND KW MANAGEMENT ENTERPRISES, LLC | : No. 12-05343 |
|         Defendants | : |

## DECLARATION OF AMOUNT DUE UPON APPLICATION FOR DEFAULT JUDGMENT

Barbara L Farley, Esquire, being duly sworn according to law, deposes and says that she is the attorney for Plaintiff in the above-entitled action, that the following is true to the best of her knowledge, information and belief, that she has read the Complaint filed in this action and knows the contents thereof, and the same is true and there is now due by Defendant, Westside TMS Center, LLC and to Plaintiff on the debts set forth in the Complaint, for the Contract, and Guaranty (as such terms are defined in the Complaint) as follows:

The sum of $77,331.47* calculated as:
(a) $98,060.34, being the balance of outstanding lease payments after discounted to present value as of December 6, 2012, plus
(b) $1,970.88, being the accrued late charges, plus
(c) $41,107.75, being the reasonable attorney's fees as of December 6, 2012, less
(d) $63,807.50, being the fair market value of equipment recovered by plaintiffs
**$77,331.47 Amount Due**
plus interest from the date of judgment, plus costs of suit.

    * The affidavit of William Stubbeman, attached as Exhibit "A", indicates the principal and accrued interest as of the date of the Complaint.

    Defendant is in default for failure to appear and the Defendant is not an infant or incompetent person or in the military service, as set forth in the attached Declaration.

    I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: <u>December 23, 2012</u>

                                            By: <u>/s/Barbara L Farley</u>
                                                Barbara L. Farley, Esquire

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STUBBEMAN AND BRAIN INNOVATIONS TMS CENTERS, INC.. <br> Plaintiff <br> vs <br> BRAIN STIMULATION CENTER LLC A/K/A WESTSIDE TMS CENTER, LLC, PETER LINNETT, AND KW MANAGEMENT ENTERPRISES, LLC <br><br> Defendants | Civil Action <br><br><br> No. 12-05343 |

### AFFIDAVIT OF WILLIAM STUBBEMAN

COMES NOW, William Stubbeman, under penalty of perjury, and states the following based on his personal information, knowledge and belief:

1. I am over the age of 18 and am a plaintiff in this matter.

2. I am the custodians of Plaintiffs' records, which have been maintained and complied in the ordinary course of business of Plaintiff. The information contained herein is either based upon the records of Plaintiff or my personal knowledge of the information and facts herein contained and I am aware that this Affidavit is being supplied in connection with Plaintiffs' Request for Default Judgment in this matter.

3. As is set forth in the Complaint in this matter, on September 12, 2011, Defendant, Westside TMS Center, LLC ("Company") executed an Equipment Lease Agreement with Vision Financial Group, Inc who assigned it Susquehanna Commercial Finance, Inc. who assigned it to plaintiffs and required it to make 36 monthly payments of $4,052.19 each plus applicable sales tax. Plaintiffs were assigned 25 monthly payments of $4,052.19 each plus applicable sales tax.

4. Plaintiff has received no payments from Defendant.

5. The records indicate that 25 payments of $4,052.19 remain due and payable commencing with the payment due August 2, 2012, 2012 for a gross amount now due Plaintiffs in the sum of One Hundred One Thousand Three Hundred Four and 75/100ths Dollars ($101,304.75).

EXHIBIT A

6. The payoff calculation as set forth in records:

The sum of $77,331.47* calculated as:
(a) $98,060.34, being the balance of outstanding lease payments after discounted to present value as of December 6, 2012, plus
(b) $1,970.88, being the accrued late charges, plus
(c) $41,107.75, being the reasonable attorney's fees as of December 6, 2012, less
(d) $63,807.50, being the fair market value of equipment recovered by plaintiffs
**$77,331.47 Amount Due**
plus interest from the date of judgment, plus costs of suit.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

By: _____
William Stubbeman- Plaintiff

State of
County of Los Angeles }ss.

Sworn to (or affirmed) and subscribed before me this 22 day of December, 2012, by Carina Perry, Notary Public.

WITNESS my hand and official seal

CARINA PERRY
Print Notary Name

OR Produced Identification _____
Type of Identification Produced Dr. Linscence

[Notary Seal: CARINA PERRY, COMM 1995593, NOTARY PUBLIC CALIFORNIA, LOS ANGELES COUNTY, My Comm. Expires Oct. 26, 2016]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM STUBBEMAN AND BRAIN INNOVATIONS TMS CENTERS, INC.. | : : | |
| Plaintiff | : | Civil Action |
| vs | : | |
| BRAIN STIMULATION CENTER LLC A/K/A WESTSIDE TMS CENTER, LLC, PETER LINNETT, AND KW MANAGEMENT ENTERPRISES, LLC | : : : | No. 12-05343 |
| | : | |
| Defendants | : | |

## DECLARATION OF ATTORNEY'S FEES

Barbara L Farley, Esquire, being duly sworn according to law, deposes and says that she is the attorney for Plaintiff in the above-entitled action, that the following is true to the best of her knowledge, information and belief, that she has performed the professional services as stated in the attached three schedules for work required by this matter to date, at the rate normally charged by my office which is a rate normally charged for work in this area and in accordance with my Retainer Agreement with my client.

I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: <u>December 23, 2012</u>

By: <u>/s/Barbara L Farley</u>
Barbara L. Farley, Esquire

Barbara L. Farley PC

| BLFPC | Client's | | | | | | | | | Client | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Time in | | | | | | | | Total | | | |
| Client # | # | Name | 10/7/12 | 10/14/12 | 10/21/12 | 10/28/12 | 11/4/12 | Total | Rate | $ | Exp. | $ | Description | Total $ |
| 626*00 | | General | | | | 0.50 | | 0.50 | $ 250 | $ 125.00 | $ | $ 125.00 | Review docs, conference call, e-mails | |
| 626*00 | | General | | | | 0.25 | | 0.25 | $ 250 | $ 62.50 | $ | $ 62.50 | Talk to Joel Farkas after calls | |
| 626*00 | | General | | | | 0.25 | | 0.25 | $ 250 | $ 62.50 | $ | $ 62.50 | E-mail to Joel Farkas re agreement | |
| 626*00 | | General | | | | 1.00 | | 1.00 | $ 250 | $ 250.00 | $ | $ 250.00 | Review docs, e-mails, tt Gary, e-mails tt Cyrus | |
| 626*00 | | General | | | | | 0.25 | 0.25 | $ 250 | $ 62.50 | $ | $ 62.50 | Review Operating Agree, ct atty | |
| 626*00 | | General | | | | | 0.25 | 0.25 | $ 250 | $ 62.50 | $ | $ 62.50 | Talk to Gary re conflict, settlement | |
| 626*00 Total | | | - | - | - | 2.00 | 0.50 | 2.50 | | $ 625.00 | $ - | $ 625.00 | | $ 625.00 |

**Barbara L. Farley PC**

Time in

| BLFPC | Client's | | | | | | | | | Client |
|---|---|---|---|---|---|---|---|---|---|---|
| Client # | # | Name | 11/11/12 | 11/18/12 | 11/25/12 | 12/2/12 | Total | Rate | $ | Total $ |
| | | | | | | | | | | |
| 626.00 | | General | 0.25 | | | | 0.25 | $ 250 | $ 62.50 | |
| 626.00 | | General | | 0.75 | | | 0.75 | $ 250 | $ 187.50 | |
| 626.00 | | General | | 0.75 | | | 0.75 | $ 250 | $ 187.50 | |
| 626.00 | | General | | | | 2.50 | 2.50 | $ 250 | $ 625.00 | |
| 626.00 | | General | | | | 0.25 | 0.25 | $ 40 | $ 10.00 | |
| 626.00 | | General | | | | 2.75 | 2.75 | | | |

| | | Total | |
|---|---|---|---|
| Exp. | $ | Description | |
| | $ 62.50 | Talk to Cyrus | |
| | $ 187.50 | Review docs, tt def's atty 2x, e-mails | |
| | $ 187.50 | Default papers, e-mails | |
| | $ 625.00 | Tt Brian 3x, Ct, file sub, prepare & file motion, e-mails, tt Cyrus | |
| 3.35 | $ 13.35 | Xerox and mail motion to parties | |

| 626.00 Total | 0.25 | 1.50 | - | 2.75 | 4.50 | | $ 1,072.50 | $ 3.35 | $ 1,075.85 | | $ 1,075.85 |

Barbara L. Farley PC

Time in

BLFPC

| Client # | Name | 12/8/11 | 12/15/11 | 12/22/11 | 12/29/11 | Total | Rate | $ | Exp. | Total $ | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 626*00 | General | 0.50 | | | | 0.50 | $ 250 | $ 125.00 | | $ 125.00 | Review various e-mails, responses |
| 626*00 | General | 1.50 | | | | 1.50 | $ 250 | $ 375.00 | | $ 375.00 | E-mails, complete Judgment docs |
| 626*00 | General | | 0.25 | | | 0.25 | $ 250 | $ 62.50 | | $ 62.50 | Prepare and electronically file Disclosure |
| 626*00 | General | | 0.25 | | | 0.25 | $ 40 | $ 10.00 | 1.90 | $ 11.90 | Xerox and mail Disclosure to defs |
| 626*00 | General | | | 1.00 | | 1.00 | $ 250 | $ 250.00 | | $ 250.00 | Review docs, Judge's rules, etc, e-mails |
| 626*00 | General | | | 0.75 | | 0.75 | $ 250 | $ 187.50 | | $ 187.50 | Required call with def's atty, e-mails |
| 626*00 | General | | | 1.50 | | 1.50 | $ 250 | $ 375.00 | | $ 375.00 | Talk to Cyrus, review docs, Motion to Amend, e-mails |
| 626*00 | General | | | 1.00 | | 1.00 | $ 250 | $ 250.00 | | $ 250.00 | Update documents |
| | | 2.00 | 0.50 | 4.25 | - | 6.75 | | 1,635.00 | 1.90 | 1,636.90 | |

I Cyrus Sanai, hereby declare as follows:

1. I am a California attorney, state bar number 150387. I am California counsel to Dr. William Stubbeman and Brain Innovations TMS Centers, Inc. in the various disputes they have arising from their involvement with defendant Brain Stimulation Center, LLC, formerly known as Westside TMS Center, LLC ("Westside"), defendant KW Management Enterprises, LLC ("KW"), which is one of two members of Westside, and defendant Peter Linnett, who is one of two managers of Westside, the sole member of KW, and the manager of KW. Dr. Stubbeman is the other manager of Westside, though Linnett has, over the objections of Dr. Stubbeman, usurped sole control of the entity. Brain Innovations TMS Centers, Inc., owned and controlled by Dr. Stubbeman, is the other member of Westside.
2. I have been involved in this action in three stages.
3. First, when the original plaintiff, Susquehanna Financial Services, Inc. contacted my clients concerning overdue payments by Westside under the lease attached as Exhibit A to the complaint, I negotiated a settlement agreement with Susquehanna's in-house attorney, Brian Engelhardt. I first spoke with Mr. Engelhardt on August 29, 2012. This settlement agreement provided that my clients would assume the lease obligation of Westside, and Westside, KW and Linnett would be relieved of all obligations under the lease. I documented the settlement agreement with Susquehanna's counsel in this matter and after its agreement was maintained, presented the settlement to the California attorney for KW and Linnett. No response was forthcoming. Instead, Linnett partially disassembled the leased equipment and secreted it. Stage 1 ended on October 4, 2012.
4. The second stage of my involvement began on October 5, 2012, when I informed Mr. Englehardt that Linnett and KW would not respond to the settlement proposal, and Mr. Englehardt suggested that my client purchase the lease rights from Susquehanna. Since my clients had executed guarantees in favor of the original lessor, to which Susquehanna had succeeded, this was economically the same as paying on the guarantee. The legal effect was somewhat similar, in that payment under the guarantee without an assignment of rights created subrogation rights against Westside and contribution rights against KW. However, formally purchasing the rights under the lease also allowed Dr. Stubbeman to take possession of the leased equipment, which he could utilize in his medical practice, and would grant Dr. Stubbeman, inter alia, the rights under Section 13 of the lease, which states in relevant part "Lessee agrees to pay all of Lessor's costs of enforcing Lessor's rights against Lessee, including reasonable attorney's fees." It is important to note that this clause refers to the "costs of enforcing Lessor's rights" without limiting the nature of the rights, though logic suggests that these rights must arise in connection with the lease. However, these rights do not have to be purely contractual. So long as the "rights" which are "enforced" relate to the lease, the person holding the rights of the Lessor may obtain such costs from the Lessee.

5. After conferring with my clients, I negotiated an assignment and settlement agreement, where by my client paid in excess of $100,000 to Susquehanna in return for all right, title and interest of Susquehanna under the lease, as well as requiring Susquehanna to take certain litigation steps in its own name at my clients' request. After the binding memorandum of understanding was agreed, I informed the California attorney of Linnett and KW that Dr. Stubbeman was now the Lessor. Several days elapsed in negotiation, as Linnett and KW disputed what components were included in the leased equipment (as they had partially disassembled it). I was eventually able to have Dr. Stubbeman acquire the leased equipment. I then gave Linnett and KW a settlement offer, which they spurned. This ended Stage 2 of my involvement in this action.

6. Stage 3 began when I engaged Ms. Farley on behalf of my clients to proceed with the lawsuit. Shortly after the deadline for Linnett and Westside to respond to the complaint elapsed, a Pennsylvania attorney, Gary Schafkopf, contacted Ms. Farley, stating that he had been engaged to act in this case. Ms. Farley knows Mr. Schafkopf, and it is my understanding that they agreed that a new complaint would be drafted, and then Mr. Schafkopf would appear in this action and respond. I raised the issue at that time that Dr. Stubbeman, who is a co-manager of Westside, would not agree to Westside being represented by Mr. Schafkopf.

7. I drafted a First Amended Complaint which I then sent to Ms. Farley, who worked on it. However, in an email exchange on November 14, 2012, Mr. Schafkopf stated that he did not in fact have authority to accept the First Amended Complaint. Of course, this meant that the attorney was not authorized to appear in the case, as upon making his appearance he would be forced to accept service of the First Amended Complaint by virtue of it being filed electronically. A deadline was set of November 15, 2012 for Mr. Schafkopf to appear in this action and thus accept the First Amended Complaint, but no response was forthcoming. I then contacted Mr. Englehardt, who filed the default on behalf of Susquehanna and executed the new substitution papers. The default was promptly entered by the clerk.

8. I personally contacted Linnett's California attorney by email to inform him of what was going on in Pennsylvania on November 15, 2012. Nothing was heard about this until December 1, 2012, when Mr. Schafkopf stated by email that he had now been engaged to appear, but by whom, precisely, he did not state. I have subsequently seen a notice of appearance by Mr. Schafkopf on behalf of Linnet and KW, but no motion to vacate default.

9. While Mr. Schafkopf may seek to vacate the default against Linnett, he has no authority to do so in respect of Westside. The Plaintiffs will oppose any motion by Linnett to vacate the default, as there are no grounds under FRCP 60 meriting relief. Linnett prompted the filing of the request for default by first causing his attorney to agree to accept service of a First Amended Complaint, then withdrawing permission, then two weeks later authorizing his attorney to contact the Plaintiffs and appear in the action. Even if this Court does relieve Linnett's default, entry of a default judgment against Westside is proper.

10. I have been a California attorney since 1990. My current billable rate, which the Plaintiffs have paid and are paying, is $600 per hour, which is the market rate for attorneys of my educational background (Harvard College and UCLA Law School) and training (I worked in several of the largest and most prestigious law firms in the world). I have specific expertise in the area of limited liability company disputes in California under both California law and Delaware law, and am currently working on one other such dispute.

11. I attach as exhibit hereto an accounting of my time spent on action. This accounting is an amended version of the time sheets attached to the invoices I sent to my clients. These amended time sheets have deducted time not spent on Stage 1, Stage 2 or Stage 3 of this action.

12. I began working on the matters related to this action on August 29, 2012, when I took instructions from my client and contacted Mr. Englehardt of Susquehanna. Stage 1 continued through September. The total value of my time spent on Stage 1 in August and September of 2012 was $7,080.

13. Stage 1 ended on October 4, 2012. The value of my time spent on Stage 1 in October of 2012 was $6,120, for total amount of fees related to stage 1 being $13,200.

14. Stage 2 began on October 5, 2012 and ended on October 20, 2012. The total value of time spent on Stage 2 was $9,360.

15. Stage 3 began on October 22, 2012 and continues. The value of time in October for Stage 3 was $4,500 and the time for November and December on Stage 3, up to and including preparation of this declaration, was $11,460, for a total of $15,960.

16. The total fees for all stages of the action are at this time is $38,520. This will not be all the time or attorney fees expended on this matter. If Linnett files a motion to vacate the default against himself, Plaintiffs will vigorously oppose it on the grounds that there was no excusable mistake, inadvertence or neglect involved, but rather a consistent policy of delay and frustration of the litigation process. If and when a default judgment is entered, I will then take responsibility for enforcing the judgment in California by registering the judgment in state court and potentially the local district court. I therefore expect additional applications for fees to be made to this Court, which fees, under California procedure, would then be added by way of a memorandum of costs to the judgment in California. Typically this is done every month that enforcement proceedings are ongoing.

17. I further point out to the Court that a large amount of work was wasted due to Linnett's refusal to settle this claim initially, which would have involved no cost to him at all; the disassembly and secreting of the leased equipment; and his subsequent engagement of Pennsylvania counsel, withdrawal of counsel's authority to appear and accept the First Amended Complaint, and new instruction of his counsel to contact Plaintiffs more than a fortnight later and appear in the action. This has been Linnett's pattern throughout the dispute. Under these circumstances, the amount of fees claimed is reasonable.

EXHIBIT B
Attorney Fee Calculation for
Cyrus Sanai

| Date | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 8/29/12 | Telephone call with B. Englehardt, client re: Susq. | 0.9 | $600 | $540 |
| 8/30/12 | email and calls re: Susquehanna | 0.3 | $600 | $180 |
| 9/5/12 | Review client email and respond | 0.2 | $600 | $120 |
| 9/14/12 | draft letter to Susquehanna | 0.7 | $600 | $420 |
| 9/16/12 | review changes and email client | 0.8 | $600 | $480 |
| 9/17/12 | Call with client, send Susquehanna letter & talk with lawyer | 1.5 | $600 | $900 |
| 9/18/12 | email to Susquehanna and call with client | 0.4 | $600 | $240 |
| 9/21/12 | Calls with client, Susquehanna | 0.6 | $600 | $360 |
| 9/24/12 | Calls with client, strategize | 0.6 | $600 | $360 |
| 9/25/12 | Calls with Susq., client | 0.5 | $600 | $300 |
| 9/26/12 | Call with client, draft letter to Farkas | 1.6 | $600 | $960 |
| 9/27/12 | call with client, emails to Susq., | 0.3 | $600 | $180 |
| 9/28/12 | Calls with client, Susq., Farkas, letter to Farkas | 3.3 | $600 | $1,980 |
| 9/29/12 | review and respond to client email | 0.1 | $600 | $60 |
| 10/1/12 | Susquehann settlement negotations | 2.4 | $600 | $1,440 |
| 10/2/12 | Draft Settlement Agreement, emails and call w/ client | 4.8 | $600 | $2,880 |
| 10/3/12 | Susquehanna settlement issues | 0.7 | $600 | $420 |
| 10/4/12 | Susquehanna settlement | 2.3 | $600 | $1,380 |
| 10/5/12 | Susquehanna settlement | 1.1 | $600 | $660 |
| 10/6/12 | emails with Englehard, call with client | 0.6 | $600 | $360 |
| 10/7/12 | email with Englehardt | 0.2 | $600 | $120 |
| 10/8/12 | Susquehanna settlement | 1.6 | $600 | $960 |
| 10/9/12 | Susquehanna settlement | 2.1 | $600 | $1,260 |
| 10/10/12 | emails texts, with client Susquehanna & Farkas | 2.8 | $600 | $1,680 |
| 10/11/12 | Calls with Farkas, emails with Farkas, calls & emails with client | 3.5 | $600 | $2,100 |
| 10/12/12 | emails with client | 0.3 | $600 | $180 |
| 10/14/12 | Telephone call with client | 1.1 | $600 | $660 |
| 10/15/12 | calls with client | 0.6 | $600 | $360 |
| 10/16/12 | calls with client, emails, do settlement offer | 0.8 | $600 | $480 |
| 10/17/12 | calls with client | 0.2 | $600 | $120 |
| 10/18/12 | Calls with client, Englehardt | 0.1 | $600 | $60 |
| 10/19/12 | Emails, call with client | 0.4 | $600 | $240 |
| 10/20/12 | Call with client, emails with Susq. & Farley | 0.2 | $600 | $120 |
| 10/22/12 | Calls and emails with client, Susq. | 1.5 | $600 | $900 |
| 10/23/12 | emails with Farley, clients | 0.2 | $600 | $120 |
| 10/24/12 | emals with client, Farley, Susquehanna | 0.5 | $600 | $300 |
| 10/25/12 | Calls with client, Farley | 0.5 | $600 | $300 |
| 10/26/12 | Call w/clients  draft FAC | 3.1 | $600 | $1,860 |
| 10/27/12 | email to Farley | 0.2 | $600 | $120 |
| 10/28/12 | Calls and texts with client, meet client | 1.5 | $600 | $900 |
| 11/6/12 | Call with Farley, review emails | 0.4 | $600 | $240 |
| 11/8/12 | Work on FAC | 4.3 | $600 | $2,580 |
| 11/12/12 | Emails with client, Farley | 0.5 | $600 | $300 |
| 11/14/14 | Emails with Farley, Linnett counsel, calls with client | 1 | $600 | $600 |
| 11/15/12 | Calls and emails with client, Farley, Engelhardt | 1.1 | $600 | $660 |
| 11/16/12 | calls with client, emails to Engelhardt and Farley | 0.6 | $600 | $360 |
| 11/19/12 | Emails to client, emails to and from Farkas | 0.7 | $600 | $420 |
| 11/26/12 | Calls with Farley, client | 0.3 | $600 | $180 |

EXHIBIT B
Attorney Fee Calculation for
Cyrus Sanai

| Date | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 11/28/12 | Draft declaration, emails with Farley | 2 | $600 | $1,200 |
| 11/30/12 | Draft declaration, exhibits | 4.5 | $600 | $2,700 |
| 12/4/12 | Emails to and from Farley, Schatkopf, clients, revise decl. | 2.2 | $600 | $1,320 |
| 12/5/12 | Emails to and from Farley, Schatkopf, clients, revise decl. | 1.5 | $600 | $900 |
| | Total Hours and Fees | 64.2 | | $38,520 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM STUBBEMAN AND BRAIN INNOVATIONS TMS CENTERS, INC.. | : : | |
| Plaintiff | : | Civil Action |
| vs | : | |
| BRAIN STIMULATION CENTER LLC A/K/A WESTSIDE TMS CENTER, LLC, PETER LINNETT, AND KW MANAGEMENT ENTERPRISES, LLC | : : : | No. 12-05343 |
| Defendants | : : : | |

## CERTIFICATE OF SERVICE

I, Barbara L Farley, Esquire, state under penalty of perjury that I caused a copy of the Application For Entry of Default Judgment, Declaration of Barbara L Farley, Esq. for Entry of Default Judgment, Declaration of Amount Due Upon Application for Default Judgment, Proposed Order, and Affidavit of William Stubbeman to be served electronically via the CM/ECF System and/or first class mail, postage prepaid on the date and to the parties specified below:

Name and address:
Westside TMS Center, LLC
6101 Centinela Avenue, #378
Culver City, CA  90230

Gary Schafkopf, Esquire
Hopkins & Schafkopf, LLC
11 Bala Avenue
Bala Cynwyd, PA  19004

/s/Barbara L Farley
BARBARA L FARLEY, ESQUIRE

Date: December 24, 2012

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWING AND DOWNLOADING FROM THE CM/ECF SYSTEM**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STUBBEMAN AND BRAIN INNOVATIONS TMS CENTERS, INC.. : | |
|          Plaintiff   : | Civil Action |
| vs   : | |
| BRAIN STIMULATION CENTER LLC A/K/A WESTSIDE TMS CENTER, LLC, PETER LINNETT, AND KW MANAGEMENT ENTERPRISES, LLC   : | No. 12-05343 |
|          Defendants   : | |

## JUDGMENT

BEFORE PADOVA, J.

AND NOW, to wit, this \_\_\_\_ day of _____, 2012, and Averment of Default and the amount due having been filed and the Defendant having been defaulted by failing to appear, file an Answer, or otherwise plead to the Complaint, it is hereby

ORDERED that judgment is entered for the Plaintiff against Defendant, Westside TMS Center, LLC in the amount of Seventy Seven Thousand Three Hundred Thirty One and 47/100ths Dollars ($77,331.47), plus interest from the date hereof, plus costs of suit.

BY THE COURT

ATTEST:

_____

Deputy Clerk